1   HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
    JOHN D. ADKISSON - 114449
2   GAIL CECCHETTINI WHALEY - 162765
    ELI R. MAKUS - 234287
3   980 Ninth Street, Suite 1500
    Sacramento, CA  95814
4   Telephone:    (916) 442-3333
    Facsimile:    (916) 442-2348
5   jadkisson@hansonbridgett.com
    gwhaley@hansonbridgett.com
6   emakus@hansonbridgett.com

7   Attorneys for Defendant
    SUPERIOR COURT OF CALIFORNIA,
8   COUNTY OF SAN FRANCISCO

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12   SUSAN LEW,                              No. C 06 3098 CRB

13              Plaintiff,

14        v.
                                             **STIPULATION FOR FILING OF**
15   SUPERIOR COURT OF CALIFORNIA            **AMENDED ANSWER**
     IN AND FOR THE CITY AND COUNTY
16   OF SAN FRANCISCO, and DOES 1
     THROUGH 50, INCLUSIVE,
17
                Defendant.
18

19        IT IS HEREBY STIPULATED by and between the parties hereto through their respective

20   counsel of record that Defendant may file an Amended Answer, a copy of which is attached

21   hereto.

22        IT IS FURTHER STIPULATED that Plaintiff acknowledges service of the Amended

23   Answer on May 30 2007.  Objection to the Amended Answer is due June 19, 2007.

24   ///

25   ///

26   ///

27   ///

28   ///

                              - 1 -

STIPULATION FOR FILING OF AMENDED ANSWER                      43593.1

1    DATED: May 18, 2007                    LAW OFFICES OF JOHN H. SCOTT

2

3

4                                           By: _____
                                                JOHN H. SCOTT
5                                               ELIZABETH N. DE VRIES
                                                Attorneys for Plaintiff, Susan Lew
6

7

8    DATED: May 16, 2007                    HANSON BRIDGETT MARCUS
                                            VLAHOS & RUDY, LLP
9

10

11                                          By: _____
                                                JOHN D. ADKISSON
12                                              GAIL CECCHETTINI WHALEY
                                                ELI R. MAKUS
13                                              Attorneys for Defendant
                                                SUPERIOR COURT OF CALIFORNIA,
14                                              COUNTY OF SAN FRANCISCO

15

16

17                                          June 4, 2007

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR FILING OF AMENDED ANSWER                                43593.1

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
JOHN D. ADKISSON - 114449
GAIL CECCHETTINI WHALEY - 162765
ELI R. MAKUS - 234287
980 Ninth Street, Suite 1500
Sacramento, CA  95814
Telephone:     (916) 442-3333
Facsimile:      (916) 442-2348
jadkisson@hansonbridgett.com
gwhaley@hansonbrigett.com
emakus@hansonbridgett.com


Attorneys for Defendant
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN FRANCISCO

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN LEW,<br><br>        Plaintiff,<br><br>     v.<br><br>SUPERIOR COURT OF CALIFORNIA<br>IN AND FOR THE CITY AND COUNTY<br>OF SAN FRANCISCO, and DOES 1<br>THROUGH 50, INCLUSIVE,<br><br>        Defendant. | No. C 06 3098 MEJ<br><br>**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |

NOW COMES DEFENDANT SUPERIOR COURT OF CALIFORNIA, COUNTY OF

SAN FRANCISCO ("Defendant") and answers Plaintiff Susan Lew's ("Plaintiff") Complaint for

Damages and Injunctive Relief ("Complaint") as follows:

     1.     As to the allegations contained in Paragraph 1 of the Complaint, Defendant admits

that Plaintiff's Complaint contains causes of action pursuant to Title VII, 42 U.S.C. § 2000e, 29

U.S.C. § 2601, Cal. Gov. Code § 12940, Cal. Gov. Code §12945.2, Cal. Civil Code §52.1 and a

cause of action for wrongful termination in violation of public policy.  Except as so expressly

admitted, Defendant denies each and every, all and singular, generally and specifically the

- 1 -

1    allegations contained therein.

2         2.      As to the allegations contained in Paragraph 2 of the Complaint, Defendant neither

3    admits nor denies the allegations for the reason that such allegations are legal conclusions to

4    which no answer is required.  To the extent an answer is required, Defendant denies each and

5    every, all and singular, generally and specifically the allegations contained therein.

6         3.      As to the allegations contained in Paragraph 3 of the Complaint, admits that

7    Plaintiff was employed in San Francisco.  Except as so expressly admitted, Defendant denies each

8    and every, all and singular, generally and specifically the remaining allegation contained in the

9    first sentence of Paragraph 3 of the Complaint.  As to the remaining allegations contained in

10   Paragraph 3 of the Complaint, Defendant neither admits nor denies the allegations for the reason

11   that such allegations are legal conclusions to which no answer is required.

12        4.      As to the allegations contained in Paragraph 4 of the Complaint, Defendant admits

13   that Plaintiff is an Asian-American woman over the age of 40 who was employed by the Superior

14   Court of California, County of San Francisco.

15        5.      As to the allegations contained in Paragraph 5 of the Complaint, Defendant admits

16   that its place of business is located in the City and County of San Francisco.  As to the remaining

17   allegations contained in Paragraph 5 of the Complaint, Defendant neither admits nor denies the

18   allegations for the reason that such allegations are legal conclusions to which no answer is

19   required.

20        6.      As to the allegations contained in Paragraph 6 of the Complaint, Defendant denies

21   that the acts or omissions alleged by Plaintiff occurred.  As to the remaining allegations,

22   Defendant neither admits nor denies the allegations as no facts requiring an answer are pled.

23        7.      As to the allegations contained in Paragraph 7 of the Complaint, Defendant neither

24   admits nor denies the allegations for the reason that such allegations are legal conclusions to

25   which no answer is required.  To the extent that an answer is required, Defendant denies each and

26   every, all and singular, generally and specifically the allegations contained therein.

27        8.      As to the allegations contained in Paragraph 8 of the Complaint, Defendant denies

28   each and every, all and singular, generally and specifically the allegations contained therein.

- 2 -

1    9.    As to the allegations contained in Paragraph 9 of the Complaint, Defendant admits

2    that Plaintiff filed a government tort claim, which was denied.  As to Plaintiff's allegations

3    regarding acts by the City Attorney of the City and County of San Francisco, Defendant responds

4    that it lacks sufficient information upon which to form a belief, and based upon such lack of

5    information and belief, denies each and every, all and singular, generally and specifically the

6    allegation contained therein.  Except as so expressly admitted, Defendant denies each and every,

7    all and singular, generally and specifically the allegations contained therein.

8    10.    As to the allegations contained in Paragraph 10 of the Complaint, Defendant

9    admits that Plaintiff filed a charge of discrimination and retaliation with the California

10   Department of Fair Employment and Housing and a charge of discrimination with the Equal

11   Employment Opportunity Commission.  Defendant admits that Susan Lew received a right to sue

12   letter from the U. S. Department of Justice.  Defendant denies that the dates listed by Plaintiff in

13   Paragraph 10 are correct.  Except as so admitted, Defendant denies each and every , all and

14   singular, generally and specifically, the allegations contained therein.

15   11.    As to the allegations contained in Paragraph 11 of the Complaint, Defendant

16   admits, on information and belief, that Plaintiff correctly states her California State Bar number

17   and her year of admission to the California Bar.

18   12.    As to the allegations contained in Paragraph 12 of the Complaint, Defendant

19   admits that Plaintiff was hired in May 1989 to work as an attorney for the San Francisco

20   Municipal Court.  As to the remaining allegations in Paragraph 12 of the Complaint, Defendant

21   responds that it lacks sufficient information upon which  to form a belief, and based upon such

22   lack of information and belief, denies each and every, all and singular, generally and specifically

23   the allegations contained therein.

24   13.    As to the allegations contained in Paragraph 13 of the Complaint, Defendant

25   admits that Plaintiff worked as a research attorney for Defendant's Law and Motion Department

26   and the Discovery Department.  Defendant further admits that Plaintiff worked for the Honorable

27   David Garcia as a research attorney.  Except as so expressly admitted, Defendant denies each and

28   every, all and singular, generally and specifically the allegations contained therein.

- 3 -

1      14.    As to the allegations contained in Paragraph 14 of the Complaint, Defendant

2   admits, on information and belief, that Plaintiff served as a Judge Pro Tempore for the Alameda

3   Superior Court.  Defendant further admits that Plaintiff served as Judge Pro Tempore for the San

4   Francisco Superior Court.  Except as so expressly admitted, Defendant denies each and every, all

5   and singular, generally and specifically the allegations contained therein.

6      15.    As to the allegations contained in Paragraph 15 of the Complaint, Defendant

7   admits that in December 2001, Plaintiff took a leave of absence to run for an open seat on the San

8   Francisco Superior Court.  As to Plaintiff's allegations contained in the second sentence of

9   Paragraph 15 of the Complaint, Defendant responds that it lacks sufficient information upon

10  which to form a belief, and based upon such lack of information and belief, denies each and

11  every, all and singular, generally and specifically the allegations contained therein.

12     16.    As to the allegations contained in Paragraph 16 of the Complaint, Defendant

13  admits that Plaintiff returned to work in March 2002 and was assigned to the Discovery

14  Department.  Except as so expressly admitted, Defendant denies each and every, all and singular,

15  generally and specifically the allegations contained therein.

16     17.    As to the allegations contained in Paragraph 17 of the Complaint, Defendant

17  admits that in October 2003, Plaintiff was temporarily assigned to the Probate Department where

18  she worked as a research attorney for the Honorable John Dearman.  Except as so expressly

19  admitted, Defendant denies each and every, all and singular, generally and specifically the

20  allegations contained therein.

21     18.    As to the allegations contained in Paragraph 18 of the Complaint, Defendant

22  responds that it lacks sufficient information upon which to form a belief, and based upon such

23  lack of information and belief, denies each and every, all and singular, generally and specifically

24  the allegations contained therein.

25     19.    As to the allegations contained in Paragraph 19 of the Complaint, Defendant

26  admits that in November 2004, Plaintiff was assigned to the floater pool as a research attorney.

27  Defendant further admits that as of November 2004, Plaintiff had worked for Defendant as a

28  research attorney for over fifteen years.  Except as so expressly admitted, Defendant denies each

- 4 -

1 | and every, all and singular, generally and specifically the allegations contained therein.

2 | 20.    As to the allegations contained in Paragraph 20 of the Complaint, Defendant

3 | admits that Plaintiff was assigned to the Appellate Division as a research attorney effective

4 | January 1, 2005.  Except as so expressly admitted, Defendant denies each and every, all and

5 | singular, generally and specifically, the allegations contained therein.

6 | 21.    As to the allegations contained in Paragraph 21 of the Complaint, Defendant

7 | admits that Plaintiff told the Honorable Diane Elan Wick and the Honorable John J. Conway that

8 | her husband was ill in December 2004.  As to the remaining allegations, Defendant responds that

9 | it lacks sufficient information to form a belief, and based upon such lack of information and

10 | belief, denies each and every, all and singular, generally and specifically, the allegations

11 | contained therein.

12 | 22.    As to the allegations contained in Paragraph 22 of the Complaint, Defendant

13 | responds that it lacks sufficient information to form a belief, and based upon such lack of

14 | information and belief, denies each and every, all and singular, generally and specifically the

15 | allegations contained therein.

16 | 23.    As to the allegations contained in Paragraph 23 of the Complaint, Defendant

17 | admits that, Plaintiff showed the Honorable Judge Robert Dondero a Family Medical Leave Act

18 | request form.  Defendant further admits that Plaintiff told the Honorable Judge Robert Dondero in

19 | January 2005 that her husband was ill.  Except as so expressly admitted, Defendant denies each

20 | and every, all and singular, generally and specifically the allegations contained therein.

21 | 24.    As to the allegations contained in Paragraph 24 of the Complaint, Defendant

22 | admits that prior to 2004 there were no written performance reviews in Plaintiff's personnel file.

23 | Except as so expressly admitted, Defendant denies each and every, all and singular, generally and

24 | specifically the allegations contained therein.

25 | 25.    As to the allegations contained in Paragraph 25 of the Complaint, Defendant

26 | admits that on February 18, 2005, Defendant's Appellate Division conducted a performance

27 | review of Plaintiff.  Except as so expressly admitted, Defendant denies each and every, all and

28 | singular, generally and specifically the allegations contained therein.

- 5 -

1    26.    As to the allegations contained in Paragraph 26 of the Complaint, Defendant

2    responds that it lacks sufficient information to form a belief, and based upon such lack of

3    information and belief, denies each and every, all and singular, generally and specifically the

4    allegations contained therein.

5    27.    As to the allegations contained in Paragraph 27 of the Complaint, Defendant

6    admits that on March 21, 2005, Plaintiff submitted a request for Family Medical Leave.  Except

7    as so expressly admitted, Defendant denies each and every, all and singular, generally and

8    specifically the allegations contained therein.

9    28.    As to the allegations contained in Paragraph 28 of the Complaint, Defendant

10   admits that on or about March 21, 2005, Plaintiff was temporarily assigned to the Law and

11   Motion Department for an evaluation period.  Except as so expressly admitted, Defendant denies

12   each and every, all and singular, generally and specifically the allegations contained therein.

13   29.    As to the allegations contained in Paragraph 29 of the Complaint, Defendant

14   denies each and every, all and singular, generally and specifically the allegations contained

15   therein.

16   30.    As to the allegations contained in Paragraph 30 of the Complaint, Defendant

17   admits that on May 12, 2005, Gordon Park-Li and Cheryl Martin provided Plaintiff with a written

18   Notice of Intended Dismissal.  Except as so expressly admitted, Defendant denies each and every,

19   all and singular, generally and specifically the allegations contained therein.

20   31.    As to the allegations contained in Paragraph 31 of the Complaint, Defendant

21   admits that Plaintiff prepared a written response to the Notice of Intended Dismissal.  Except as

22   so expressly admitted, Defendant denies each and every, all and singular, generally and

23   specifically the allegations contained therein.

24   32.    As to the allegations contained in Paragraph 32 of the Complaint, Defendant

25   denies each and every, all and singular, generally and specifically the allegations contained

26   therein.

27   33.    As to the allegations contained in Paragraph 33 of the Complaint, Defendant

28   denies each and every, all and singular, generally and specifically the allegations contained

- 6 -

1    therein.

2    34.    As to the allegations contained in Paragraph 34 of the Complaint, Defendant

3    denies each and every, all and singular, generally and specifically the allegations contained

4    therein.

5    35.    As to the allegations contained in Paragraph 35 of the Complaint, Defendant

6    denies each and every, all and singular, generally and specifically the allegations contained

7    therein.

8    36.    As to the allegations contained in Paragraph 36 of the Complaint, Defendant

9    denies each and every, all and singular, generally and specifically the allegations contained

10    therein.

11    37.    As to the allegations contained in Paragraph 37 of the Complaint, Defendant

12    denies each and every, all and singular, generally and specifically the allegations contained

13    therein.

14    38.    As to the allegations contained in Paragraph 38 of the Complaint, Defendant

15    incorporates and realleges by reference all of its responses to all prior paragraphs of the

16    Complaint as if fully set forth herein.

17    39.    As to the allegations contained in Paragraph 39 of the Complaint, Defendant

18    neither admits nor denies the allegations for the reason that such allegations are legal conclusions

19    to which no answer is required.

20    40.    As to the allegations contained in Paragraph 40 of the Complaint, Defendant

21    denies each and every, all and singular, generally and specifically the allegations contained

22    therein.

23    41.    As to the allegations contained in Paragraph 41 of the Complaint, Defendant

24    incorporates and realleges by reference all of its responses to all prior paragraphs of the

25    Complaint as if fully set forth herein.

26    42.    As to the allegations contained in Paragraph 42 of the Complaint, Defendant

27    neither admits nor denies the allegations for the reason that such allegations are legal conclusions

28    to which no answer is required.

- 7 -

43.     As to the allegations contained in Paragraph 43 of the Complaint, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

44.     As to the allegations contained in Paragraph 44 of the Complaint, Defendant incorporates and realleges by reference all of its responses to all prior paragraphs of the Complaint as if fully set forth herein.

45.     As to the allegations contained in Paragraph 45 of the Complaint, Defendant neither admits nor denies the allegations for the reason that such allegations are legal conclusions to which no answer is required.

46.     As to the allegations contained in Paragraph 46 of the Complaint, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

47.     As to the allegations contained in Paragraph 47 of the Complaint, Defendant incorporates and realleges by reference all of its responses to all prior paragraphs of the Complaint as if fully set forth herein.

48.     As to the allegations contained in Paragraph 48 of the Complaint, Defendant neither admits nor denies the allegations for the reason that such allegations are legal conclusions to which no answer is required.

49.     As to the allegations contained in Paragraph 49 of the Complaint, Defendant denies each and every, all and singular, generally and specifically the allegations contained therein.

50.     As to the allegations contained in Paragraph 50 of the Complaint, Defendant incorporates and re-alleges by reference all of its responses to all paragraphs of the Complaint as if full set forth herein.

51.     As to the allegations contained in Paragraph 50 (sic) of the Complaint, Defendant neither admits nor denies the allegations for the reason that such allegations are legal conclusions to which no answer is required.

52.     As to the allegations contained in Paragraph 51 (sic) of the Complaint, Defendant

- 8 -

1 | denies each and every, all and singular, generally and specifically the allegations contained

2 | therein.

3 | 53. As to the allegations contained in Paragraph 52 (sic) of the Complaint, Defendant

4 | incorporates and re-alleges by reference all of its responses to all paragraphs of the Complaint as

5 | if full set forth herein.

6 | 54. As to the allegations contained in Paragraph 53 (sic) of the Complaint, Defendant

7 | neither admits nor denies the allegations for the reason that such allegations are legal conclusions

8 | to which no answer is required.

9 | 55. As to the allegations contained in Paragraph 54 (sic) of the Complaint, Defendant

10 | denies each and every, all and singular, generally and specifically the allegations contained

11 | therein.

12 | **AFFIRMATIVE DEFENSES**

13 | **FIRST AFFIRMATIVE DEFENSE**

14 | (Failure to State Claim)

15 | Plaintiff's Complaint, and each cause of action contained therein, fails to state facts

16 | sufficient to constitute a claim upon which relief can be granted.

17 | **SECOND AFFIRMATIVE DEFENSE**

18 | (Statutes of Limitation)

19 | Plaintiff's Complaint, and each cause of action contained therein, is barred by the

20 | applicable statutes of limitation as set forth in California Code of Civil Procedure sections 335.1

21 | and 338, California Government Code sections 945.6 and 12965, 42 U.S.C. section 2000e-5, 29

22 | U.S.C. section 2617(c) and by any and all other applicable statutes of limitation.

23 | **THIRD AFFIRMATIVE DEFENSE**

24 | (Failure to Exhaust Administrative Remedies)

25 | Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent

26 | that Plaintiff has failed to exhaust her administrative remedies as required by the California

27 | Government Code section 12960 and 42 U.S.C. section 2000e-5(e), and any and all other

28 | applicable statutes.

- 9 -

1

## FOURTH AFFIRMATIVE DEFENSE

2

(Scope of Administrative Remedies)

3      To the extent that Plaintiff's causes of action for employment discrimination state claims

4  under the California Fair Employment and Housing Act, California Government Code section

5  12940 *et seq.*, the California Family Rights Act, California Government Code section 12945.2(a)

6  and/or Title VII, 42 U.S.C. section 2000e *et seq.*, that exceed the scope of Plaintiff's

7  administrative charges, the cause of action is barred by Plaintiff's failure to exhaust her

8  administrative remedies.

9

## FIFTH AFFIRMATIVE DEFENSE

10

(Exclusive Remedy of Workers' Compensation Act)

11      To the extent that Plaintiff's Complaint, and each cause of action contained therein, seek

12  damages for alleged physical and/or emotional injury, Plaintiff's exclusive remedy is provided by

13  the California Workers' Compensation Act, California Labor Code section 3200 *et seq.*

14

## SIXTH AFFIRMATIVE DEFENSE

15

(Causation)

16      Plaintiff's Complaint, and each cause of action contained therein, is barred because if

17  Plaintiff suffered any damages at all, no alleged act or omission by Defendant were the actual or

18  proximate cause of said damages to Plaintiff.

19

## SEVENTH AFFIRMATIVE DEFENSE

20

(Waiver)

21      Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine

22  of waiver based on Plaintiff's conduct, acts and omissions.

23

## EIGHTH AFFIRMATIVE DEFENSE

24

(Estoppel)

25      Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine

26  of estoppel based on Plaintiff's own conduct, acts or omissions.

27  ///

28  ///

- 10 -

1

## NINTH AFFIRMATIVE DEFENSE

2

(Laches)

3   Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine

4   of laches based on Plaintiff's own conduct, acts or omissions.

5

## TENTH AFFIRMATIVE DEFENSE

6

(Managerial Discretion/Business Judgment)

7   Plaintiff's Complaint, and each purported cause of action contained therein, is barred

8   because Defendant's conduct about which Plaintiff complains was a fair and reasonable exercise

9   of managerial discretion undertaken for a fair and honest reason as a result of business necessity

10   and reflects its good faith, nondiscriminatory business judgment.

11

## ELEVENTH AFFIRMATIVE DEFENSE

12

(Failure to Mitigate Damages)

13   Plaintiff's Complaint, and each cause of action contained therein, is barred by Plaintiff's

14   failure to mitigate her alleged damages.

15

## TWELFTH AFFIRMATIVE DEFENSE

16

(Emotional Distress)

17   Any emotional distress allegedly suffered by Plaintiff is not attributable to Defendant or

18   any conduct for which Defendant would be liable.

19

## THIRTEENTH AFFIRMATIVE DEFENSE

20

(After Acquired Evidence)

21   Each of Plaintiff's causes of action may be barred by after-acquired evidence and/or any

22   damages Plaintiff may have should be reduced as a result of such after-acquired evidence.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

(Governmental Immunities)

25   Plaintiff's Complaint, and each cause of action contained therein, is barred either in whole

26   or in part by the provisions of California Government Code sections 815, 815.2, 815.3, 820.2, and

27   821.6.

28   ///

- 11 -

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

(11th Amendment Immunity)

3      Plaintiff's Complaint, and each cause of action contained therein, is barred either in whole

4   or in part by the Eleventh Amendment.

5

### SIXTEENTH AFFIRMATIVE DEFENSE

6

(Failure to Comply With Tort Claims Act)

7      Plaintiff's Complaint, and each cause of action contained therein, is barred because

8   Plaintiff has failed to comply with the applicable requirements of the California Tort Claims Act,

9   California Government Code section 900 *et seq.*

10

### SEVENTEENTH AFFIRMATIVE DEFENSE

11

(Additional Defenses)

12      Because Plaintiff's Complaint is vague, ambiguous and couched in conclusory terms,

13   Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly,

14   Defendant reserves the right to assert additional defenses if and to the extent that such defenses

15   are applicable.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

- 12 -

1    WHEREFORE, Defendant prays as follows:

2        1.    That Plaintiff take nothing by her Complaint and judgment be entered for

3    Defendant;

4        2.    That Defendant be awarded its costs of suit incurred herein;

5        3.    That Defendant be awarded its reasonable attorney's fees; and

6        4.    That Defendant be granted such other and further relief as the Court deems just

7    and proper.

8    DATED: May 30, 2007                      HANSON BRIDGETT MARCUS
                                               VLAHOS & RUDY, LLP
9

10                                        By: _____

11                                            JOHN D. ADKISSON
                                              GAIL CECCHETTINI WHALEY
12                                            ELI R. MAKUS
                                              Attorneys for Defendant
13                                            SUPERIOR COURT OF CALIFORNIA,
                                              COUNTY OF SAN FRANCISCO
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -